IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| DONALD RAY SAGE, | Cause No. CV 25-40-H-DWM |
| Petitioner, | |
| vs. | ORDER |
| JIM SALMONSEN, WARDEN MONTANA STATE PRISON; MONTANA DEPARTMENT OF CORRECTIONS, | |
| Respondents. | |

Pending before the Court is petition for writ of habeas corpus relief filed by state pro se prisoner Donald Ray Sage ("Sage") pursuant to 28 U.S.C. § 2254. (Doc. 1.) This Court is required to screen all actions brought by prisoners who seek relief. 28 U.S.C. § 1915(a). The Court must dismiss a habeas petition or portion thereof if the prisoner raises claims that are legally frivolous or fails to state a basis upon which relief may be granted. 28 U.S.C. § 1915A(b)(1), (2).

**Background/Sage's Claims**

Sage was charged in Montana's Third Judicial District, Anaconda-Deer Lodge County, with eight criminal counts surrounding his alleged contact with minor girls, including: Indecent Exposure, Assault with a Weapon, Sexual

1

Intercourse without Consent, Sexual Assault, Unlawful Transaction with Children, and Sexual Abuse of Children. On October 8, 2019, Sage entered into a plea agreement whereby he agreed to plead guilty to one count of Indecent Exposure, in exchange for the other charges being dismissed. *See State v. Sage*, 2023 MT 75N, *1-2. At the sentencing hearing, the State argued for the recommendation contained in the plea agreement, 20 years at the Montana State Prison, with 10 of the years suspended. Sage requested a probationary sentence. *Id.* at *2. Notably, there was no mention of a parole restriction contained within the plea agreement.

Citing Sage's extensive criminal history and lack of accountability, the district court imposed a 20-year sentence with 10 years suspended, as contemplated by the plea agreement. In addition, the court imposed a 10-year parole restriction, over the objection of defense counsel. The court noted that the plea agreement was silent as to the matter of parole and it did not permit Sage to seek withdrawal of his guilty plea. *Id.*

On appeal Sage argued that trial counsel provided ineffective assistance when he failed to recognize that Sage would be unable to withdraw his plea if the court imposed a parole restriction. Sage also argued that the State undercut the plea agreement at the sentencing hearing by emphasizing Sage's past criminal conduct and the dismissed charges, which resulted in the imposition of the parole restriction.

2

The Court declined to review the merits of Sage's ineffective assistance of counsel claim, finding that it was not record-based and should be pursued, if at all, in a postconviction proceeding where an appropriate record could be developed. *Id.* at* 3-4. The Court determined the State did not breach the plea agreement when it strongly advocated for the district court to adopt the recommended sentence contained in the plea agreement rather than the probationary sentence requested by Sage. *Id.* at * 4-5. The prosecutor did not raise any evidence that was not contained within Sage's psychosexual evaluation or the presentencing investigation report that was already before the district court. *Id.* at *5.

Sage then filed a petition for writ of habeas corpus in which he alleged his "questionable Department of Corrections sentence…was clearly outside statutory mandates" under § 46-18-201(3)(a)(iv)(A), MCA (2017). According to Sage, all but the first five years of his Department of Corrections commitment had to be suspended. Because Sage entered a guilty plea under a "false promise" and the prosecutor "breached" the contract agreement, Sage asserted that his sentence was facially invalid and must be overturned. *See Sage v. Montana Department of Corrections,* 2024 WL 3812529 *1.

The Court first referred to its decision on direct appeal and noted that the explicit terms of the plea agreement established that Sage received what the State had promised to recommend: a 20-year commitment to the Montana State Prison.

3

This recommendation was not undermined by the State advocating for the district court to adopt the plea agreement rather than Sage's recommendation. *Id.* The Court next determined that Sage has a valid sentence under Montana law.

Specifically, the district court did not commit Sage to the Department of Corrections, as argued by Sage. Instead, he was sentenced under §46-18-201(3)(a)(iii), MCA (2017), which provides that a sentencing judge may impose "a term of incarceration, as provided in Title 45 for the offense, ... at a state prison to be designated by the department of corrections." *Id.* The Court pointed out that the subsection contains no mandate for suspension after five years. Moreover, pursuant to §45-5-504(3)(b), a court may sentence a person convicted of indecent exposure to a minor to a term of not less than four years or more than 100 years, "unless the judge makes a written finding that there is good cause to impose a term of less than 4 years." The district court imposed a 20-year sentence, with 10 years suspended, based upon Sage's criminal history and the relevant statutory authority. The sentence was valid, and Sage was precluded from challenging the same via a petition for writ of habeas corpus after he had previously exhausted his remedy of appeal. *Id.* at *1-2. The petition was denied and dismissed.

In the instant petition, Sage argues he is serving an illegal Department of Corrections commitment via the district court's 20-year prison sentence. Sage believes his present sentence, combined with the parole restriction, violated the

framework of the sentencing court's judgment, thereby denying him equal protection and resulting in structural error. (Doc. 1 at 6-7.) Sage maintains that "all but the first 5 years of his sentence must be suspended." He asks this Court to correct his invalid state sentence. *Id.* at 7.

**Analysis**

As a preliminary matter, it appears that the claims contained in Sage's petition are untimely. Generally, Courts will not hear such claims, unless a petitioner can excuse his non-compliance. But a federal court is empowered to bypass a procedural issue in the interest of judicial economy when the claim clearly fails on the merits. *See Flournoy v. Small*, 681 F. 3d 1000, 1004, n. 1 (9th Cir. 2012); *see also Franklin v. Johnson*, 290 F. 3d 1223, 1232 (9th Cir. 2001); *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997)(noting that, in the interest of judicial economy, courts may proceed to the merits in the face of procedural issues). As explained herein, Sage fails to state a claim upon which relief may be granted. The petition will be denied.

As set forth above, the Montana Supreme Court denied Sage habeas relief finding that his sentence was legal under state law and facially valid. To the extent that Sage believes the Montana Supreme Court misinterpreted and/or misapplied state law, the claim is not cognizable. The federal habeas statute grants the United States District Courts jurisdiction to entertain petitions for habeas relief only from

persons who are in custody in violation of the Constitution or laws or treaties of the United States. *See* 28 U.S.C. § 2254(a). A federal writ is not available for alleged error in the interpretation or application of state law. *See Wilson v. Corcoran*, 562 U.S. 1, 5 (2010); *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991).

Sage has not demonstrated that the Montana Supreme Court erred. But even if he could do so, the claim does not warrant relief. A violation of state law, without more, does not deprive a petitioner of a federal constitutional right. *Cooks v. Spalding*, 660 F. 2d 738, 739 (9th Cir. 1981), *cert. denied*, 455 U.S 1026 (1982). It has long been understood that a state may violate its own law without violating the United States Constitution. *Gryger v. Burke*, 334 U.S. 728, 731 (1948)("We cannot treat a mere error of state law, if one occurred, as a denial of due process; otherwise, every erroneous decision by a state court on state law would come here as a federal constitutional question."). To qualify for federal habeas relief, an error of state law must be "sufficiently egregious to amount to a denial of equal protection or of due process of law guaranteed by the Fourteenth Amendment." *See Pully v. Harris*, 465 U.S. 37, 41 (1984). Sage has not shown that any state law violation occurred, much less that such error was "so arbitrary and fundamentally unfair" that it violated his right to due process or equal protection. *See Jammal v. Van de Kamp*, 926 F. 2d 918, 920 (9th Cir. 1991)(quotation omitted).

6

While Sage may disagree with the district court's sentence and implementation of a parole restriction, he has not shown the sentence itself is unlawful. Sage cannot convert this state law issue into one of federal import merely by invoking the specter of a due process violation. *See Langford v. Day*, 110 F. 3d 1380, 1389 (9th Cir. 1996), *cert. denied* 522 U.S. 881 (1997). Sage's claims are not cognizable in federal habeas; the petition will be denied.

**Certificate of Appealability**

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254 Proceedings. A COA should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Because Sage's claims are not cognizable and lack merit, reasonable jurists would find no basis to encourage further proceedings at this juncture. There are no close questions and there is no reason to encourage additional proceedings in this Court. A certificate of appealability will be denied.

7

Based on the foregoing, the Court enters the following:

## ORDER

1. Sage's Petition (Doc. 1) is DENIED.

2. The Clerk of Court is directed to enter judgment by separate document in favor of Respondents.

3. A certificate of appealability is DENIED.

DATED this 7th day of October, 2025.

Donald W. Molloy, District Judge
United States District Court